UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLGA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1635 AGF |
| | ) |
| THE DIAL CORPORATION, et. al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Olga Green initiated this product liability action in the Circuit Court for the City of Saint Louis.  Defendants, The Dial Corporation, Henkel Corporation, Henkel Consumer Goods, Inc., and Henkel of America, Inc., removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff now moves to remand, asserting that her claims do not satisfy the requirements for jurisdiction under §1332(a) because the amount in controversy does not exceed $75,000.  Before issuing a ruling on her motion to remand, the Court will permit Plaintiff to submit an appropriate stipulation establishing that she will not seek damages in an amount greater than $75,000.

In her complaint,  Plaintiff alleges that Defendants designed, manufactured and sold a defective body wash, and that as a result of using this product she "suffered damages which were personal, pecuniary, and permanent arising out of injuries to her skin and all of the anatomical structures thereof."   Plaintiff further alleges that her medical expenses are approximately "$3,000 which sum is continuing in nature."  In the first four counts of her complaint Plaintiff prays for "more than TWENTY FIVE

THOUSAND DOLLARS ($25,000) but which sum when aggregated with the sums prayed for in all other counts herein, does not exceed SEVENTY FIVE THOUSAND DOLLARS ($75,000), for punitive damages, expenses and her costs, together with such other and further relief as this Court shall deem appropriate under the circumstances." In the fifth count of her complaint Plaintiff makes the same request for damages, and also includes a reference to attorney's fees.

Defendants argue that "a plain reading" of Plaintiff's prayer indicates that she has restricted her compensatory damages to less than $75,000, but has not so limited her total recovery which also would include punitive damages, expenses, costs, and, with respect to the fifth count of the complaint, attorney's fees. Plaintiff asserts that the prayer in each count of her complaint specifically restricts the aggregate amount prayed for in all counts inclusive of punitive damages, expenses, costs, and attorney's fees to less than $75,000.

As courts of limited jurisdiction, federal courts strictly construe the amount in controversy requirement and resolve all doubts regarding the existence of federal jurisdiction in favor of remand. *In re Business Men's Assur. Co. of America*, 992 F.2d 181,183 (8th Cir. 1993). Where the defendant seeks to invoke federal jurisdiction through removal, it bears the burden of proving that the jurisdictional threshold is satisfied. *Bell v. The Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*; *Minn. Mut. Life*, 346 F.3d at 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d

2

946, 959 (8th Cir. 2000)).  Although the removing party has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of the removal are resolved in favor of remand.  *In re Business Men's Assur. Co. of America*, 992 F.2d at 183.   Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.  *Bell*, 557 F.3d at 956.   A plaintiff may meet that burden by citing a state law or a binding stipulation that limits the plaintiff's recovery of damages. *Neighbors v. Muha*, No. 05472CVWGAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005).

In determining the amount in controversy, punitive damages and statutory attorney's fees, such as those Plaintiff seeks under the Missouri Merchandising Practices Act, Mo. Rev. Stat. §407.025.1, are considered.  *See Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)) (punitive damages); *Rasmussen v. State Farm Mut. Auto Ins. Co.,* 410 F.3d 1029, 1031 (8th Cir. 2005) (citing *Crawford v. F. Hoffman-LaRoche Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001)) (statutory attorney's fees).  When punitive damages are included in the calculation, the removing party must present "specific facts or evidence" indicating the existence of the required jurisdictional minimum.  *Larkin v. Brown*, 41 F.3d 387, 388-89 (8th Cir. 1994) (quoting *Esler v. Northrop Corp.*, 86 F.R.D. 20, 28 (W.D. Mo. 1979)); *Hill v. Ford Motor Co., 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).*   Such proof may include evidence of relevant jury verdicts indicating that

damages might exceed the jurisdictional amount. *See Rodgers v. Wolfe*, No. 4:05CV827CEJ, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006); *Gonzalez-Lopez v. Fahle*, 2005 WL 2708832 (E.D. Mo. Oct. 21, 2005). In addition, the removing party may provide evidence of "plaintiff's conduct and representations, . . . or an extensive list of serious and disabling injuries suffered by the plaintiff."
 *Schudy v. Gordon*, No. 2006 WL 859279, at *1 (W.D. Mo. March 28, 2006).

Applying these principles to this case, the Court will defer to Plaintiff's interpretation of her complaint, despite the apparent ambiguity that Defendants assert establishes a basis for finding that Plaintiff's claims meet the requisite jurisdictional threshold. Because Plaintiff insists that she does not intend to seek damages in excess of $75,000, and intended by the language in her prayers for relief to limit total damages to no more than $75,000, the Court will allow her to demonstrate this assertion to a legal certainty by submitting an affidavit attesting to this fact. Therefore, the Court will delay its ruling on motion to remand, pending the submission of a binding affidavit, signed by Plaintiff and her counsel, and establishing that Plaintiff does not and will not seek or accept damages in excess of $75,000, exclusive of interest and costs in this case. *See Turner v. Wal-Mart*, No. 4:11CV541CDP, at *5 (E.D. Mo. May 4, 2011); *Powell v. Keeling*, No. 4:10CV795RWS, 2010 WL 2710500, at *1 (E.D. Mo. July 7, 2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall submit to this Court, not later than **November 16, 2011**, a binding declaration or affidavit, signed by Plaintiff and

4

counsel for Plaintiff, and stating that following remand Plaintiff will not seek, ask for, or accept an amount of damages in excess of $75,000.00, exclusive of interest and costs.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2011.